The decisions in this State have uniformly, as I believe, established the principle that he who claims by deed from a sheriff lands sold byfi. fa., must produce the record of the judgment by virtue of which the fi. fa. issued; and I am disposed to adhere to these precedents, although in some instances the reasons for requiring such record are not very satisfactory. When produced, it ought to appear that the Court had authority to act in that case, and that the defendant was served with process either actually or *Page 155 
constructively. If both these requisites appear, and also that the execution pursued the judgment, then the purchaser will be protected, though the judgment should be erroneous. If the Court had not jurisdiction over the subject, or if the defendant were not served with process, either actually or constructively, then he can not be affected by the sale. The judgment as to him is a nullity. The Court must determine so, on production of the record, on trial of a collateral issue, either in law or in equity, between the former proprietor and vendee at sheriff's sale. But the Court can not in these suits become a court of errors, and reverse judgment or refuse to give it all the effect which by law it ought to have till reversal. Even a reversal, when it shall take place upon a writ of error after a. sale, will not affect the purchaser. Inconveniences, I know, may follow a rigid adherence to this opinion; innocent purchasers at sheriffs' sales, may sometimes be involved in difficulties; but I must adhere to precedents till some other course be discovered, more exempt from inconveniences and more consonant to legal principles.
The circuit judge gave wrong directions concerning the award. For that reason the judgment must be reversed, and the cause remanded for trial to the Circuit Court.
The judgment reversed and the cause remanded accordingly.